**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 23-4436**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

CHARAY LAMONT TRENT,

Defendant - Appellant.

_____

Appeal from the United States District Court for the Western District of Virginia, at Lynchburg.  Norman K. Moon, Senior District Judge.  (6:21-cr-00001-NKM-4)

_____

Submitted:  May 29, 2026                     Decided:  July 2, 2026

_____

Before KING and GREGORY, Circuit Judges, and TRAXLER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**ON BRIEF:**  Charles M. Henter, HENTERLAW, PLC, Charlottesville, Virginia, for Appellant.  Jonathan Patrick Jones, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Roanoke, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Charay Lamont Trent appeals his convictions and the 87-month sentence imposed following a jury trial for conspiracy to distribute and possess with intent to distribute cocaine and marijuana, in violation of 21 U.S.C. §§ 841(b)(1)(C), 846 (Count 1); five counts of distributing cocaine, in violation of 21 U.S.C. § 841(a), (b)(1)(C) (Counts 6-10); possessing with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a), (b)(1)(C) (Count 11); and possessing a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A) (Count 12).

On appeal, Trent's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), asserting that there are no meritorious issues for appeal but questioning whether Trent's § 924(c) conviction violates the Second Amendment in light of *New York State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1 (2022), and whether that conviction is supported by sufficient evidence. The Government declined to file a response brief. Trent has filed several pro se briefs raising additional issues.[*] He has also filed pro se motions for an extension of time to file his pro se brief, for new counsel, for leave to file a pro se motion for an appeal bond, to extend the filing time to provide additional evidence to support his pro se briefs, for leave to file digital media, and to expedite. Preliminarily, although we grant Trent's motion for an extension of time to file his pro se brief, we deny

---

[*] We have thoroughly reviewed these arguments in accordance with *Anders* and find them meritless. To the extent Trent argues that his attorneys rendered ineffective assistance, he should raise such claims, "if at all, in a 28 U.S.C. § 2255 motion" to permit sufficient development of the record. *See United States Faulls*, 821 F.3d 502, 508 (4th Cir. 2016).

2

his motions for appointment of new counsel, to file digital media, and for an extension of time to file evidence, and we deny as moot his motions to expedite and for leave to file pro se motion for appeal bond.

*Anders* counsel questions whether § 924(c) is constitutional as applied to Trent. Because Trent did not raise this argument in the district court, our review is for plain error. *See United States v. Olano*, 507 U.S. 725, 731-32 (1993). To demonstrate plain error, Trent "must establish (1) an error that (2) is plain, and (3) affects his substantial rights." *United States v. Lassiter*, 96 F.4th 629, 634 (4th Cir. 2024) (internal quotation marks omitted). We conclude that Trent cannot make this showing. *See United States v. Risner*, 129 F.4th 361, 366-69 (6th Cir. 2025) (holding § 924(c)(1)(A) does not prohibit conduct within Second Amendment's scope); *see also United States v. Hunt*, 123 F.4th 697, 705 (4th Cir. 2024) (explaining that "*Heller* repeatedly described the core of the Second Amendment right as protecting 'law-abiding' citizens" while clarifying "that restrictions on firearms possession by those who are not law-abiding . . . are 'presumptively lawful'" (quoting *Dist. of Columbia v. Heller*, 554 U.S. 570, 625, 627 n.26 (2008)), *cert. denied*, 145 S. Ct. 2756 (2025).

Our review of the record also confirms that Count 12 is supported by sufficient evidence. "We review de novo a district court's denial of a motion for judgment of acquittal." *United States v. Davis*, 75 F.4th 428, 437 (4th Cir. 2023). "Reversal for insufficient evidence is reserved for the rare case where the prosecution's failure is clear." *Id.* (citation modified). We therefore must affirm a conviction "if—viewing the evidence

3

in the light most favorable to the prosecution—the verdict is supported by substantial evidence." *Id.* (citation modified).

"To convict for possession of a firearm in furtherance of a drug trafficking offense under 18 U.S.C. § 924(c), the government must prove that the defendant possessed the firearm and that the possession occurred in furtherance of a drug trafficking crime." *United States v. Prawl*, 149 F.4th 176, 183 (2d Cir. 2025) (internal quotation marks omitted), *cert. denied*, No. 25-6819, 2026 WL 795074 (U.S. Mar. 23, 2026).  On the second point, the relevant inquiry is "whether there exists a sufficiently close nexus between the firearms and the drugs to conclude that possession of the firearms was in furtherance of drug trafficking." *United States v. Moore*, 769 F.3d 264, 270 (4th Cir. 2014) (internal quotation marks omitted).  This inquiry "is ultimately a factual question," *id.* at 269 (internal quotation marks omitted), that rests on factors such as "the type of drug activity that is being conducted, accessibility of the firearm, the type of weapon, whether the weapon is stolen, the status of the possession (legitimate or illegal), whether the gun is loaded, proximity to drugs or drug profits, and the time and circumstances under which the gun is found," *id.* at 270 (citation modified).

Viewing the evidence in the light most favorable to the Government, *see Davis*, 75 F.4th at 437, a reasonable factfinder could have found beyond a reasonable doubt that Trent possessed a firearm in furtherance of Count 11.  Trent admitted that he owned the relevant handgun, which law enforcement seized during the search of his home.  During the same search, law enforcement also seized two baggies of cocaine, $1,900 in cash, and tools consistent with the distribution of cocaine.  The handgun was hidden within eyesight of the

4

room where the cocaine was discovered, and it was stored with a loaded magazine. *See Prawl*, 149 F.4th at 185 (holding that loaded magazine stored with unloaded gun weighed in favor of finding gun furthered drug trafficking offense). And Trent told law enforcement that he owned the gun for protection, in part because he previously was robbed of two ounces of cocaine and $10,000. *See United States v. Lomax*, 293 F.3d 701, 705 (4th Cir. 2002) (explaining firearm can "further or advance drug trafficking" if it "provide[s] a defense against someone trying to steal drugs or drug profits").

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Trent, in writing, of the right to petition the Supreme Court of the United States for further review. If Trent requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Trent.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

5